PER CURIAM.
S.C. challenges the trial court’s order terminating his parental rights to his infant child. We affirm.
When the child was conceived, S.C. and the child’s mother were living together and were not married. S.C. was aware of the pregnancy when the relationship deteriorated to the point that he moved from the residence. He remained in the area and had infrequent contact with the mother.
On September 21, 2011, prior to the birth of the child, S.C. was personally served with Notice of Intended Adoption Plan, Adoption Disclosure, and Acknowledgment as required by section 63.062(3), Florida Statutes (2011). The notice advised him that the mother intended to place the child up for adoption with Gift of Life Adoptions and that he, as the alleged unmarried biological father, had to comply with certain requirements within thirty days if he wished to assert his paternal rights to the child. In response to the notice, S.C. filed with the Clerk of Circuit Court for Pinellas County a one-sentence “answer” acknowledging his opposition to the planned adoption. S.C., however, did not timely comply with the requirements that he register with the Florida Putative Father Registry, that he file an affidavit containing a pledge of commitment to the child, and that he indicate his plans for caring for the child and agreement to contribute to the support of the child and the child’s birth expenses. See § 63.062(3)(a)(1)(a)-(c).
After the child’s birth, Gift of Life filed a petition to terminate S.C.’s parental rights *775 to the minor child. At the hearing on the petition, the trial court appointed counsel to represent S.C. in the termination proceedings. The hearing was continued for several months and resulted in the trial court’s granting the petition.
On appeal, S.C. argues that the termination proceedings denied him due process because the trial court did not appoint counsel until the first hearing on the petition, which was held after the expiration of the thirty-day time period during which he had to comply with the statutory requirements. S.C. maintains that this belated appointment of counsel denied him meaningful representation in the termination proceeding. We disagree.
If the only basis of the trial court’s granting of the petition was S.C.’s failure to timely comply with the requirements of the Notice of Intended Adoption Plan, we might reach a different conclusion because we agree that the filing requirements are very technical and might be a challenge to the nonlawyer biological father. But it is clear from the record before us that the trial court found S.C. had abandoned the child as defined in section 68.032(1). Even if S.C. had complied with the statutory requirements for asserting his rights as an unmarried biological father, such a finding of abandonment independently supports the granting of the petition. Furthermore, this finding was made after S.C. was appointed counsel. See § 63.089(3)(e). Thus, the termination of his parental rights was made on a proper ground after S.C.’s due process rights were protected. We therefore must affirm the order of termination.
Affirmed.
NORTHCUTT and WALLACE, JJ., Concur.
DAVIS, J., Concurs specially with opinion.